An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

MATTHEW CORZINE,
Appellant,
vs.
THE STATE OF NEVADA; AND
NEVADA DEPARTMENT OF
CORRECTIONS,
Respondents.

No. 60580



FILED

JUN 1 4 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### *ORDER OF AFFIRMANCE*

This is a proper person appeal from a district court order dismissing appellant's complaint in a tort action. First Judicial District Court, Carson City; James Todd Russell, Judge.

Appellant filed the underlying complaint, alleging that respondents had unlawfully damaged $492-worth of his personal property.[1] The district court dismissed appellant's complaint, finding that appellant had failed to state a viable cause of action against eight of the nine defendants and that appellant's claim against the ninth defendant did not satisfy the district court's $10,000 jurisdictional threshold. *See* Nev. Const. art. 6, § 6; NRS 4.370(1)(b). This appeal followed.

Appellant's proper person appeal statement does not identify any specific errors that the district court committed, nor does it provide any other meaningful arguments regarding why dismissal was improper.

---

[1]Appellant's complaint named the State of Nevada and nine individuals as defendants. Despite the caption of this appeal, we have considered the validity of appellant's complaint with respect to all named defendants.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-17600

Moreover, our independent review of the record demonstrates that the district court properly dismissed appellant's complaint as to each of the nine defendants.[2] We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. James Todd Russell, District Judge
    Matthew Corzine
    Attorney General/Carson City
    Carson City Clerk

---

[2]Although appellant argued in his opposition to respondents' motion to dismiss that he had satisfied the $10,000 jurisdictional threshold by requesting punitive damages, appellant would not have been entitled to such damages. *See* NRS 41.035(1).